

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD STEELE,<br><br>Defendant. | 1:17-CR-10023-CBK<br><br>ORDER |

Defendant filed a motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(3) based upon alleged unreasonable post-accusation delay in the service of the federal arrest warrant upon the defendant and pursuant to Fed. R. Crim. P. 5(a) based upon unreasonable delay in presentment to a U.S. Magistrate Judge.

Defendant was indicted and an arrest warrant issued in this case on June 14, 2017, for an alleged assault that occurred on April 27, 2017. The arrest warrant was not served upon defendant until July 20, 2017.

Defendant was arrested on May 26, 2017, in connection with a revocation warrant issued in CR 07-10004. The defendant appeared before the magistrate with counsel on May 31, 2017, and admitted to portions of the petition to revoke. His revocation hearing before me was scheduled for July 21, 2017, and was later rescheduled to July 20, 2017.

Defendant was in federal custody on the revocation matter when the indictment and arrest warrant issued in this case on June 14, 2017. The alleged assault which is the subject of the indictment in this case was not set forth in the petition to revoke in CR 07-10004. The U.S. Probation Officer who had been supervising the defendant reported in the supplemental presentence report in CR 07-10004 that the Probation Officer was not made aware of the alleged April 27, 2017, incident when he moved to revoke the defendant's supervised release.

The alleged April 27, 2017, assault and the indictment in the present case were discussed at the defendant's revocation hearing on July 20, 2017. Counsel for defendant in the revocation matter requested a continuance of the revocation hearing based upon the discovery of the new criminal charges. I informed the defendant and counsel that I would not consider the allegations in the indictment in this case in conjunction with the revocation. I was, however, aware that the arrest warrant in this case had not been served upon the defendant until that day. The arrest warrant in this case was served 36 days after it was issued.

A criminal defendant may raise a defect in instituting the prosecution pursuant to Fed. R. Crim. P. 12(b)(3). Pre-indictment delay can be a basis for dismissal but there was no pre-indictment delay in this case. The alleged offense occurred on April 27, 2017. The indictment issued June 14, 2017. Six weeks does not constitute delay, much less unreasonable delay.

Defendant contends that he was prejudiced by the five week delay in serving the indictment and arrest warrant upon him. Defendant possesses a right to a speedy trial pursuant to 18 U.S.C. § 3161. However, that right does not attach until, *inter alia*, the defendant is arrested. No Speedy Trial Act violation occurred here.

Defendant possesses a right to a speedy trial under the Sixth Amendment. Doggett v. United States, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992). "[T]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003). An interval between accusation and trial in excess of one year crosses "the threshold dividing ordinary from 'presumptively prejudicial' delay." United States v. Brown, 352 F.3d 1032, 1034 (8th Cir. 2003). If the defendant can show a presumptively prejudicial delay, the Court is required to conduct a speedy trial analysis by weighing the length and reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id*. There is no presumptively prejudicial delay and not even an ordinary delay in the interval between accusation and trial in this matter. Trial is scheduled for November 12, 2017. Less than

2

five months have elapsed since the indictment was filed. The trial was delayed once at the request of the defendant.

Defendant cites to Fed. R. Crim. P. 5(a)(1)(A) which requires a person making an arrest to take the defendant without unnecessary delay before a magistrate judge. There was no such delay in this case. Defendant points out that the purpose of the rule is "to frustrate law-enforcing officers from detaining the arrested person for an unnecessary period of time to enable the officer to extract a confession from the arrested individual." United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008). Defendant was not detained as a result of the arrest warrant issued in this case but was instead detained pending revocation proceedings in another federal criminal case. There is no evidence that law enforcement contacted the defendant about the alleged April 27, 2017, assault at any time during his detention on the revocation matter.

Delay between indictment and arrest can result in a Sixth Amendment speedy trial violation if such delay results in prejudice similar to delay between arrest and trial. *See* Doggett v. United States, 505 U.S. at 656, 112 S.Ct. at 2693. Bad-faith delay in pursuing an arrest "to gain some impermissible advantage at trial" or to otherwise impair the defense is a basis for dismissal of the indictment. *Id*. There is no showing here that there has been presumptively prejudicial delay between the issuance of the indictment and the arrest of the defendant and there has been no claim that the government acted in bad faith in failing to effect the defendant's arrest on the indictment. While negligence in delaying arrest can result in a Sixth Amendment speedy trial violation, a shorter delay results in an inverse presumption of prejudice. *Id*.

Defendant contends that the short delay in this case resulted in his being sentenced on revocation of supervised release prior to notice that he was facing new federal criminal charges. That is true in this case. Defendant contends that he was therefore prejudiced because, had he been aware that he was facing new federal charges, he could have engaged in plea negotiations to settle both the supervised release revocation and the new criminal charges, possibly resulting in a lower total sentence for both cases. A defendant who maintains his innocence and shows no indication that he would be willing

3

to admit his guilt undermines his claim that he would have pleaded guilty if he had been arrested and apprised of the criminal charges at an earlier date. *See* Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) ("When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant 'must show that, but for his counsel's advice, he would have accepted the plea.'").

The delay between indictment and arrest in this matter was not unreasonably long and the defendant can demonstrate no prejudice arising out of the length of the delay. I find that there has been no violation of the defendant's statutory or constitutional rights in conjunction with the delay.

Now, therefore,

IT IS ORDERED that the motion, Doc. 22, to dismiss the indictment is denied.

Dated this 9th day of November, 2017.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge